Michael Dugan, Guardian of Mary Dugan, Appellant, *v.* James Law and Bridget Law, his Wife, George Law, Eliza Bracey, Isabel McDermott, Thomas Law, John Law, Ellen McGinness, Mary Kilgallon and Jane Donnelly.

*Will—Legacies prima facie payable from personalty only.*

The personal estate is not only the primary but prima facie the exclusive fund for the payment of legacies; to make a legacy a charge upon land the intention must be expressed in the will or there must be something on the face of the instrument from which it can be inferred. A blending of real and personal estate in a residuary clause is sufficient evidence of an intent to charge such real estate with the payment of general legacies.

The will in this case however disclosed no express or implied intention to make the legacy a charge upon land nor was there any blending of real and personal estate.

*Equity—Petition and answer—Decree pro confesso—Defective petition.*

A petition which on its face shows that the relief prayed for cannot be legally granted really needs no answer, save that contained in the decree dismissing it. On such petition the court will not permit a decree pro confesso, it being the duty of the court to examine the petition and to give such judgment as the law, applicable to the matters therein contained, will warrant.

Argued Jan. 21, 1896. Appeal No. 23, Jan. T., 1896, by plaintiff, from decree of the Orphans' Court of Wayne Co., No. 663, Docket 1, dismissing petition for sale of lands. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Petition for order for the sale of lands devised to the defendants by the last will and testament of John Law, for the payment of a legacy bequeathed to the said Mary Dugan by said will, and charged on said lands. The petition recited the will and disclosed that testator died seized of lands, portions of which were devised to certain of his children. The residue of the lands were devised to his son James and his wife Bridget, with remainder over. That there were no debts of the testator remaining charged on said lands. That by his will the

testator bequeathed to his son James personal estate in the manner following: "To my son James I give and bequeath the sum of Five Hundred Dollars and the rest and residue of my personal property absolutely, after payment of expenses," being those of his last illness, etc.

That a codicil to said will provided as follows: "That the Five Hundred Dollars I have heretofore willed to my son James be changed and paid to my granddaughter Mary, child of my daughter Kate, deceased."

That the executor has refused to pay the said legacy to the petitioner and has filed an account showing no personal assets remaining after payment of the expenses mentioned in said will, and of administration.

Respondents, James, Bridget, John and Thomas Law, filed answers denying that the legacy was charged on the land; no answer was made by any of the other respondents. The petitioner then moved that a decree for a petition be taken pro confesso as against the respondents, who failed to appear and answer as required by law; he also moved that an order as against the respondents, who had answered the case, be set down on petition and answer. The case came up for hearing on petition and answer before SEARLE, P. J., specially presiding, who filed an opinion and decree dismissing the petition. The opinion, after reciting the provisions of the will, was as follows:

The only question raised by these proceedings is whether this legacy given to Mary Dugan is a charge upon any of the real estate devised by the will of John Law, deceased.

The general rule is "the personal estate is not only the primary, but prima facie the exclusive fund for the payment of legacies," and "the intention of the testator to create a charge on real estate is to be carried out whenever it is discoverable from anything contained in the will, but there must be something on the face of the instrument from which it can be inferred:" Duvall's Estate, 146 Pa. 176, quoting Okeson's Appeal, 59 Pa. 100.

From the will attached to the petition, and a part of the same, it appears that the testator in the first place provides for the payment of his funeral expenses and expenses of his last sickness. He then in the 1st, 2d, 3d and 4th items gave cer-

tain real estate, specifically described, to certain of his children. The 5th item or clause is as follows: "To my son George, I give and bequeath absolutely the sum of one hundred dollars, or land to the value of one hundred dollars, whichever he may elect to take; and if he takes the money, the same to be payable within one year from my death and to remain a charge upon the land until paid; if he elects to take in land, the same shall be selected by my executors and set apart as soon after my death as he (George) shall desire." The 6th clause is as follows: "To my son James I give and bequeath the sum of five hundred dollars and the rest and residue of my personal property absolutely, after payment of expenses first above mentioned. And I also give and bequeath to my son James and his wife Bridget, for the term of their natural lives, and the natural life of either of them, the entire use, rents, income and profits of the rest and residue of my real estate after above allotments." The 7th clause provides for the distribution of this remainder after the termination of the life estates of James and Bridget. The 8th clause appoints Charles B. O'Neill and James Law executors.

Subsequently a codicil was added to this will as follows: "This my codicil, made the 4th day of August A. D. 1886. That the five hundred dollars I have heretofore willed to my son James be changed and paid to my granddaughter Mary, child of my daughter Kate, deceased."

The Mary mentioned in this codicil is the Mary Dugan, petitioner, in this case, by her guardian, Michael Dugan.

By writing into the 6th clause of the original will (the one in which this $500 legacy is given to James) this codicil, or changing it as directed by the codicil, it would read: 6th, "To my granddaughter Mary, child of my daughter Kate deceased, I give and bequeath the sum of five hundred dollars, and to my son James the rest and residue of my personal property absolutely, after payment of expenses first above mentioned. And I also," etc.

There is no express charge of this legacy upon real estate.

It has been held by the Supreme Court that a blending of real and personal estate in a residuary clause is sufficient evidence of an intent to charge such real estate with the payment of general legacies by implication: Davis's Appeal, 83 Pa. 348, and cases cited.

It was claimed by the learned counsel for the petitioner that in this case there was such a blending of real and personal estate as made this legacy chargeable upon the residuary real estate. But while the will creates a residue of personalty and also a residue of real estate, they are not blended. The personal residue is given absolutely to testator's son James. The residue of the real estate is distributed amongst the children and grandchildren of the testator who shall be living at the death of his son James and James's wife Bridget, a life estate in the same having been given to said James and Bridget.

In Van Vliet's Appeal, 102 Pa. 574, the testator divided his real estate between his two sons, giving to each a specific tract, and directed each to pay certain legacies; he then bequeathed to the same sons the entire personalty. It was held not a blending of real and personal estate.

Mary Dugan takes the same position as regards this legacy, as James Law would have occupied had the codicil not been made, and the codicil creates by implication or otherwise no charge upon real estate which did not exist in the original will.

The language of the 6th clause of the will—" To my son James I give and bequeath the sum of five hundred dollars and the rest and residue of my personal property absolutely, after payment of expenses first above mentioned," naturally leads to the conclusion that the testator intended the five hundred dollars to be paid from the personalty, and that James only took that personal property which remained after the payment of the legacy and expenses.

This construction is consistent with the fact that in the preceding clause of his will testator gives to his son George a legacy of one hundred dollars, and evidences his intention that the same shall be a charge upon real estate by expressly so declaring, and also with the law that the personal estate is prima facie the exclusive fund for the payment of legacies.

I am unable to discover in this will any intention to make this legacy a charge upon the real estate either by construction of the language of the same or by a blending of real and personal estate in a residuary clause. The order of sale of real estate to pay said legacy requested in the petition is therefore refused.

*Errors assigned*, were (1–2) dismissing petition; (3) not making a decree pro confesso against the devisees who failed to answer.

*H. Wilson*, for appellant.—The devise to James Law and wife was a residuary devise; and there is such blending of personal and real estate in the residuary clause of the will as to make the legacy to Mary Dugan a charge on the land embraced in this clause: McGlaughlin's Exr. v. McGlaughlin's Admr., 24 Pa. 20; Riley's App., 34 Pa. 291; Clery's App., 35 Pa. 54.

*F. P. Kimble*, for appellees.—As a general rule, "the personal estate is not only the primary, but prima facie the exclusive fund for the payment of legacies, and this cannot be repelled by showing that the testator had no personal estate when the will was executed, and must have intended that the legacies should come out of real estate: Aldrich v. Cooper, 2 W. & T. Lead. Cases in Eq. 346; Haddock's Estate, 18 W. N. C. 243; Okeson's App., 59 Pa. 100; Duvall's Est., 146 Pa. 176.

The words, following the designated legacy, clearly indicate the personal fund as the one from which the legacy is to come, and there being no other disposition of the personal estate mentioned in the will, the intention of the testator is obvious: Penny's App., 109 Pa. 323. There was no blending of personal and real estate: Van Vliet's App., 102 Pa. 574; Cable's App., 91 Pa. 327; Penny's App., 109 Pa. 323.

OPINION BY WICKHAM, J., February 20, 1896:

John Law, the testator, in and by the first four clauses of his last will and testament, gave portions of his real estate, particularly described, to certain of his children. The fifth and sixth clauses are as follows: 5th, "To my son George I give and bequeath, absolutely, the sum of one hundred dollars, or land to the value of one hundred dollars, whichever he may elect to take, and, if he takes the money, the same to be payable within one year from my death and to remain a charge upon the land until paid; if he elects to take in land the same shall be selected by my executors as soon after my death as he, (George) shall desire."

6th, " To my son James I give and bequeath the sum of five hundred dollars and the rest and residue of my personal property, absolutely, after payment of expenses first above mentioned. And I also give and bequeath to my son James and his wife Bridget, for the term of their natural lives, and the natural life of either of them, the entire use, rents, income and profits of the rest and residue of my real estate after above allotments."

A disposition of this residuary real estate, to take distributive effect after the death of James and Bridget, is made by the seventh clause of the will.

By a codicil, the legacy of $500, originally bequeathed to James is given to Mary Dugan. The language of the codicil is as follows: " This my codicil, made the 4th day of August 1886. That the five hundred dollars I have heretofore willed to my son James, be changed and paid to my grand daughter Mary, child of my daughter Kate, deceased. " The will contains nothing further to throw light on the testator's intention respecting this legacy, or to indicate the rank that should be accorded it.

We fail to find anything in the will tending to support the appellant's contention that the legacy is charged on real estate. Certainly there is no express charge and, as the learned judge of the court below has well pointed out, no blending of the residuary real and personal estates to create a charge by implication.

The position taken by the appellant in his third assignment of error, that a decree pro confesso should have been entered against the parties, who failed to answer the citation, is entirely untenable. Even if none of the parties cited had appeared, it would still be the duty of the court to examine the petition, whereof the will is a part, and to give such judgment as the law, applicable to the matters therein contained, will warrant: 3 Rhone's O. C. Practice, 270.

A petition which, on its face, shows that the relief prayed for cannot legally be granted, really needs no answer, save that contained in the decree dismissing it, although, following the maxim "Abundans cautela non nocet, " it is always well to put one in.

All the assignments of error are overruled.

Decree affirmed and appeal dismissed at the cost of the appellant.